UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDMOND CROIX and<br>ALMA CROIX,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PROVIDENT TRUST GROUP, LLC,<br><br>　　　　Defendant. | § § § § § § § § § § | Civil Action No. 1:19-cv-102 |

# DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Provident Trust Group, LLC ("Provident") hereby gives notice of the removal of Cause No. D-1-GN-18-007699 currently pending in the 459th District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, and states as follows:

## I.   NATURE OF THE ACTION

1.   The removed case is a civil action that Plaintiffs Edmond Croix and Alma Croix ("Plaintiffs") filed in the 459th District Court of Travis County, Texas. The case is styled *Edmond Croix and Alma Croix v. Provident Trust Group, LLC*, Cause No. D-1-GN-18-007699 (the "State Court Action").

2.   This is a tort action for a single count of negligence. In Plaintiffs' Original Petition ("Petition"), Plaintiffs claim that they were defrauded by a purported "financial consultant" named Brett Pittsenbargar ("Pittsenbargar"), who "operated out of his wholly-owned firm BP Financial, LLC[.]" (Pet. ¶¶ 11-12.) Plaintiffs contend that "[a]cquaintances" referred them to Pittsenbargar (Pet. ¶ 13.) Plaintiffs allege that Pittsenbargar initially assisted Plaintiffs with preparing their tax

returns but eventually "began to act as a financial planner for Plaintiffs, particularly with respect to retirement planning." (Pet. ¶¶ 14-15.) According to Plaintiffs, Pittsenbargar persuaded them to move funds to self-directed individual retirement accounts ("IRAs") at Provident. Pittsenbargar then allegedly accessed Plaintiffs' funds that had been deposited in self-directed accounts at Provident, transferred Plaintiffs' funds out of those self-directed accounts, and reinvested Plaintiffs' funds into a fraudulent "Ponzi" scheme, which resulted in a substantial loss to Plaintiffs.

3. Plaintiffs assert a single claim against Provident for negligence for allowing the scheme to occur. Plaintiffs contend that Provident owed them "a duty to . . . inquire as to the legal capacity of known third-party financial professionals to execute transactions in customer accounts," (Pet. ¶ 37), and that it breached that duty to Plaintiffs when it purportedly failed to determine whether "the purported financial professional associated with Plaintiffs' account was legally entitled to act in that capacity." (Pet. ¶ 38.)

## II.   REMOVAL IS PROCEDURALLY PROPER

4. Venue for removal is proper in the Western District of Texas, Austin Division under 28 U.S.C. § 1441(a) because this district and division embrace the 459th Judicial District Court of Travis County, Texas, the forum in which the removed action is pending.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed before thirty days expired after purported service.

6. Provident is the only Defendant named in this action and thus does not require the consent of any other party to remove.

7. A written notice attaching a copy of this Notice of Removal is being served on Plaintiffs and filed with the Clerk of the 459th Judicial District Court of Travis County, Texas, as provided by 28 U.S.C. § 1446(d).

8.      True and correct copies of process, pleadings, and orders filed in the State Court Action are attached hereto as required by 28 U.S.C. § 1446:

EXHIBIT A:      A completed Civil Cover Sheet.

EXHIBIT B:      A supplemental Civil Cover Sheet.

EXHIBIT C:      A true and correct copy of the state court docket sheet.

EXHIBIT D:      True and correct copies of all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge.

EXHIBIT E:      Certificate of Interested Parties

### III.   THIS COURT HAS DIVERSITY JURISDICTION

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and, therefore, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446. Removal under Section 1441 is appropriate because Plaintiffs and Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

**A.      Complete Diversity of Citizenship Exists between the Parties under 28 U.S.C. § 1332(a).**

10.     Complete diversity of citizenship exists between Plaintiffs and Provident.

11.     For the purposes of diversity jurisdiction, "the state where someone establishes his domicile serves a dual function as his state of citizenship," and the "state of domicile presumptively continues unless rebutted with sufficient evidence of change." *See Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007). The citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

12.     Plaintiffs are individuals and citizens of Texas who, at the time of commencement of this action, allege they reside at 804 Portchester Castle Path, Pflugerville, Texas 78660. (Pet. ¶

1.) Plaintiffs are married and retired, and prior to retirement, Plaintiff Ed Croix alleges that he has worked in Austin, Texas, for 19 years. (Pet. ¶ 8.) Having lived in Texas for two decades and retiring there, Plaintiffs are citizens of Texas for diversity purposes.

13. Provident is a Nevada limited liability company. (Pet. ¶ 2.) Provident is a wholly owned subsidiary of Pivot Acquisition Sub, Inc., a Delaware corporation with its principal place of business in Pennsylvania. Provident is thus a citizen of Nevada, Delaware, and Pennsylvania for diversity purposes.

14. Accordingly, there is complete diversity between Plaintiffs and Provident under 28 U.S.C. § 1332(a).

B. **The Amount in Controversy Exceeds the Statutory Minimum.**

15. Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

16. The amount-in-controversy requirement is exceeded because Plaintiffs "seek monetary relief over $200,000 but not more than $1,000,000.00." (Pet. ¶ 6.) Plaintiffs allege that they invested $203,000 with Pittsenbargar and that "Plaintiffs now have lost their entire investment[.]" (Pet. ¶¶ 29, 33.)

17. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Provident's right to assert defenses or objections including, without limitation, the defenses of (i) lack of jurisdiction over the person, (ii) improper venue or *forum non conveniens*, (iii) insufficiency or lack of process or service of process, (iv) improper joinder of claims or parties, (v) failure to state a claim, (vi) failure to join an indispensable party, or (vii) any other procedural or substantive defense available under state or federal law.

18.     If any question arises as to the propriety of the removal of this action, Provident requests the opportunity to brief any disputed issues and to present further evidence and oral argument in support of its position that this case was properly removed.

## IV.     JURY DEMAND

19.     Plaintiffs demanded a jury in their Original Petition.  (Pet. ¶ 41.)

## V.     CONCLUSION

20.     For the foregoing reasons, Provident hereby removes the above-styled and captioned cause pending in the 459th Judicial District Court of Travis County, Texas to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 and request that further proceedings be conducted in the Austin Division of the U.S. District Court of the Western District of Texas as provided by law.

Respectfully Submitted,

 /s/*Christopher M. LaVigne*
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  (214) 665-3600
Facsimile:   (214) 665-3601

**ATTORNEY FOR DEFENDANT
PROVIDENT TRUST GROUP, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of February, 2019, a true and correct copy of the above and foregoing has been served on all counsel of record through the Court's electronic filing system.

>Robert E. Linkin
>Chris Camillone
>DUGGINS WREN MANN & ROMERO, LLP
>600 Congress Avenue, Ste. 1900
>P.O. Box 1149
>Austin, Texas 78767-1149
>rlinkin@dwmrlaw.com
>ccamillone@dwmrlaw.com

>> */s/ Christopher M. LaVigne*
>> Christopher M. LaVigne