IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EDMOND CROIX and ALMA CROIX** | § | |
| | § | |
| **v.** | § | **1:19-CV-102-AWA** |
| | § | |
| **PROVIDENT TRUST GROUP, LLC** | § | |

## ORDER

Before the Court is the Motion for Leave to Designate Responsible Third Parties filed by Defendant Provident Trust Group, LLC. Dkt. No. 30. The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I.  BACKGROUND

Plaintiffs Edmond and Alma Croix (together, "Plaintiffs") are an elderly couple who live in Pflugerville, Texas. Dkt. No. 1-4 ¶¶ 1, 8-10. Defendant Provident Trust Group, LLC ("Provident") is a trust company that acts as a custodian for certain investment retirement accounts ("IRAs"). *Id.* ¶ 2; Dkt. No. 7 at 1-2. In their Complaint, Plaintiffs allege that Provident negligently failed to verify whether Plaintiffs' financial advisor was legally qualified to conduct transactions in their investment account. They allege that in April 2015, Brett Pittsenbargar, a man posing as a financial consultant, directed Plaintiffs to transfer their retirement funds into IRAs maintained by Provident. *Id.* ¶ 20. "Almost immediately," Pittsenbargar executed three transactions purchasing securities in the Ironbridge Asset Fund, LLC and the Ironbridge Asset Fund 2, LLC (together, "Ironbridge"). *Id.* ¶¶ 27-28. Pittsenbargar invested a total of $203,000 of Plaintiffs' funds in Ironbridge through the Provident IRAs. *Id.* ¶¶ 28-29. Ironbridge was in fact an unregistered security issued by a fund owned by Pittsenbargar, which served as a "feeder fund" for Woodbridge Group of Companies, LLC ("Woodbridge"), a Ponzi scheme now subject to multiple law enforcement actions ("the Woodbridge

Ponzi scheme"). *Id.* ¶¶ 30-31. Woodbridge has filed for bankruptcy in Delaware. *Id.* ¶ 32. Plaintiffs allege that they "stand to recover nothing at all from the Woodbridge bankruptcy." *Id.* ¶ 33.[1]

Plaintiffs assert a single claim of negligence against Provident for failing to verify that Pittsenbargar was legally qualified to execute transactions for Plaintiffs and otherwise act as a financial professional. *Id.* ¶¶ 33-37. Pittsenbargar was not licensed by the SEC as a registered investment advisor, and he was not registered with FINRA or the State of Texas as a seller of securities. *Id.* ¶ 39. Provident moved to dismiss the complaint for failure to state a claim. Dkt. No. 7. On December 9, 2019, the undersigned magistrate judge issued a report and recommendation to deny the motion to dismiss, which the district judge adopted on December 27, 2019. Dkt. Nos. 25, 26.

Provident now moves to designate Brett Pittsenbargar, Robert Shapiro, Jeri Shapiro, Dane R. Roseman, Ivan Acevedo, and their related companies (together, "the Woodbridge Parties") as responsible third parties under Texas Civil Practice and Remedies Code § 33.004. Dkt. 30. Provident submits evidence that all of these individuals have now been subject to civil or criminal prosecution for their involvement in the Woodbridge Ponzi scheme. *See id.* Provident also states that Plaintiffs have filed a claim in the Woodbridge bankruptcy proceedings, and the liquidation trustee has determined that Plaintiffs are entitled to recover $113,423.75, to which Plaintiffs have not objected. *See In re Woodbridge Group of Companies, LLC*, No. 17-BK-12560, Dkt. No. 4053-2 (D. Del. Nov. 19, 2019). The Southern District of Florida has ordered Shapiro and others to disgorge

---

[1] The parties disagree on this point. Provident claims that the liquidation trustee has determined that Plaintiffs are entitled to recover $113,423.75. Dkt. 30 at 8 (citing *See In re Woodbridge Group of Companies, LLC*, No. 17-BK-12560, Dkt. No. 4053-2 (D. Del. Nov. 19, 2019)).

$1 billion to Woodbridge scheme victims. *See Securities & Exchange Comm'n v. Shapiro*, No. 1:17-cv-24624-MGC, ECF No. 1 (S.D. Fla. Dec. 20, 2017) (Dkts. 160-63, 165-70).[2]

Plaintiffs oppose the designation of the third parties. Dkt. 31. Plaintiffs argue that designation is only appropriate if the third parties may be liable for the *same legal claim* as the named defendant, not merely for the same injury. Alternatively, Plaintiffs contend that the statute of limitations for any claims against the Woodbridge parties expired during the pendency of this action. Provident filed a Reply (Dkt. 32) and a Notice of Supplemental Authority and Information advising that Pittsenbargar has been indicted by a Travis County grand jury for unlawfully appropriating approximately $9.3 million from 43 victims related to the Woodbridge Group Ponzi scheme (Dkt. 35). The indictment names Plaintiffs, calculating their losses at $190,000. Dkt. 35-1 at 5-6.

## II. LEGAL STANDARD

Chapter 33 of the Texas Civil Practice and Remedies Code allows a defendant sued in tort to designate entities or individuals who are not parties to the suit but who the defendant contends are responsible for the plaintiff's injury, so their fault can be considered by the fact-finder in apportioning responsibility. TEX. CIV. PRAC. & REM. CODE § 33.004. The statute provides that a responsible third party is:

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

---

[2] Specifically, the court has ordered the following entities to pay restitution and disgorge funds to victims in specific, apportioned amounts: Robert Shapiro; Jeri Shapiro; RS Protection Trust; Carbondale Glen Lot 18, LLC; Carbondale Glen Owners, LLC; Carbondale Basalt Owners, LLC; Schwartz Media Buying Company, LLC; Woodbridge Realty of Colorado, LLC; Woodbridge Luxury Homes of California, LLC; Riverdale Funding, LLC; and WFS Holding Co., LLC. *Id.*

*Id.* § 33.011(6).  The fact-finder determines the percentage of responsibility allocated between the plaintiff, defendant, and any designated third party, but that finding does not impose any liability on the third party.  *Id.* §§ 33.003(a); 33.004(i)(1).  A defendant may designate a third party despite the fact that the party has a defense to liability or is not a proper party.  *Galbraith Eng'g Consultants, Inc. v. Pachuca*, 290 S.W.3d 863, 868–69 (Tex. 2009).  Even parties who are outside the court's jurisdiction or are immune from liability may be designated responsible third parties.  *Fisher v. Halliburton*, 667 F.3d 602, 622 (5th Cir. 2012).

To designate a responsible third party a defendant must file a motion, which the court must grant "unless another party files an objection.  *Id.* § 33.004(f). To successfully prevent designation of a responsible third party, the burden is on the plaintiff to show: "(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure." *Id.* § 33.004(g).

### III.  DISCUSSION

Plaintiffs object to the motion on two grounds: (A) that Brett Pittsenbargar, Robert Shapiro, Jeri Shapiro, Dane R. Roseman, Ivan Acevedo, and their related companies are not responsible third parties as defined under the statute; and (B) that the statute of limitations bars the Court from adding them to this action.

**A.      Responsible Third Parties Under Section 33.004**

Plaintiffs argue that the Texas statute permits designation of third parties for the same *legal claim*, not for the same injury. Dkt. 31 at 6-7.  This argument has no basis in the plain language of

the statute or Texas law. The Texas Supreme Court has explained that "[a] responsible third party may include any person who is alleged to have caused in any way the harm for which the claimant seeks damages." *Galbraith*, 290 S.W.3d at 865 (citing TEX. CIV. PRAC. & REM. CODE § 33.011(6)). Plaintiffs do not dispute any of the facts alleged in Provident's motion, and they do not dispute that Brett Pittsenbargar, Robert Shapiro, Jeri Shapiro, Dane R. Roseman, Ivan Acevedo, and their related companies took actions that contributed to the harm for which Plaintiffs seek damages: the loss of the investment that Pittsenbargar funneled into the Woodbridge Ponzi scheme. *See* Dkt. 31. Plaintiffs' own Complaint contains detailed allegations showing Pittsenbargar's central role in directing their investments into a Woodbridge-controlled entity, and the "massive Ponzi scheme" he was a part of. Dkt. 1-4 at ¶¶ 11-32. Plaintiffs have not met their burden to show that Provident did not plead sufficient facts concerning the alleged responsibility of the Woodbridge parties. They clearly meet the definition of responsible parties under the statute.

**B.      Statute of Limitations**

Alternatively, Plaintiffs contend that the three-year statute of limitations for "state and federal securities claims" against the Woodbridge parties expired in April 2019 at the latest, a few months after they filed this action. Dkt. 31 at 9.[3] They thus contend that Provident should not be permitted to designate the Woodbridge parties as responsible parties because it would be impossible for the Plaintiffs to obtain a judgment against them now that the statute has run.

The parties' briefing appears to not fully understand Texas law governing the interaction between the statute of limitations and the designation of responsible third parties. Designation under

---

[3] Defendants contend that Plaintiffs have failed to consider fraud claims, which carry a four-year limitations period. As noted in what follows, the applicable statute of limitations is irrelevant to the Court's decision.

Chapter 33 allows a defendant "to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *Id.* (citing *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014)). But once a defendant designates someone a responsible third party, the plaintiff can join that party as a defendant to the case, so that not only will its potential fault be considered by the jury, but it can also be ordered to pay damages to the plaintiff. And the law is clear that a defendant may designate a third party despite the fact that the party has a defense to liability, cannot be joined as a defendant, or both. *See Galbraith*, 290 S.W.3d at 868-69. Even parties who are outside the court's jurisdiction or are immune from liability may be designated responsible third parties. *Fisher*, 667 F.3d at 622.

The statute contains a section specifically governing the designation of a party after the statute of limitations has run on a claim against that party. That section states:

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party *if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party* under the Texas Rules of Civil Procedure.

§ 33.004(d) (emphasis added). The important language is that italicized. As the Texas Supreme Court has explained, § 33.004(d) recognizes that it would be unfair to allow a defendant to fail to notify the plaintiff of a potentially responsible third party while the plaintiff still had time to join that party to the case, while at the same time still using that third party's alleged fault to reduce the defendant's liability:

> A plaintiff has the option to counter the impact of a responsible third party's designation by joining the party as an additional defendant. In this way, all potentially culpable parties appear before the court, defend themselves, and face potential liability for their portion of responsibility. But a plaintiff may not join a

> designated responsible third party outside the limitations period. And when a plaintiff is so barred, an imbalance in the proportionate responsibility framework may arise. "[W]hile the defendant may potentially cut down liability by blaming the third party, the plaintiff is precluded by limitations from seeking recovery on the basis of that third party's fault." Withers, 13 F.Supp.3d at 689.

*In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (internal punctuation and citations omitted).

The importance of the defendant's failure to meet its discovery obligations to this analysis was emphasized in an even more recent Texas Supreme Court case. There, the defendant had disclosed the existence of a potentially responsible third party in a timely filed discovery response. *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784 (Tex. 2020). Despite this, the plaintiff argued the disclosure was not timely for purposes of § 33.004(d) because the discovery response was served after the statute of limitations had run on any claim by the plaintiff against that third party. The Supreme Court rejected the argument:

> Unlike *Dawson*, the circumstances presented here do not invoke the gamesmanship concerns section 33.004(d) operates to prevent. Mobile Mini identified Nolana as a responsible third party in its initial response to Covarrubias's initial request for disclosures and that response was timely under the Texas Rules of Civil Procedure. Because Covarrubias waited almost two years to sue Mobile Mini, the response deadline for the disclosures fell after limitations expired. Mobile Mini did not engage in any dilatory or stall tactics to game the system, but instead filed the discovery response when it was due. . . .

*Id.* at 785. Thus, the court rejected the plaintiff's argument that the defendant should not be allowed to designate that party as a responsible third party. *Id.*

The Plaintiffs make no claim here that Provident failed to timely disclose the existence of the Woodbridge parties. Indeed, they would presumably have a hard time doing so, since they dealt with many of the parties firsthand, and have been aware of them from the time suit was filed. Regardless, to get the benefit of the rule contained in § 33.004(d), Plaintiffs would have to show that Provident affirmatively failed to identify the Woodbridge parties in response to a discovery request

7

or other disclosure obligation. They have not done so, and thus § 33.004(d) does not bar Provident from designating the Woodbridge parties as responsible third parties in this case.

**C.     Conclusion**

In light of the foregoing, the Court find that Plaintiffs have not met their burden to demonstrate that Provident has not plead sufficient facts concerning the alleged responsibility of Woodbridge parties. The Court finds that Provident's motion should be granted.

### IV.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant Provident Trust Group LLC's Motion for Leave to Designate Responsible Third Parties, (Dkt. 30), is GRANTED. IT IS FURTHER ORDERED that the following individuals and entities are designated as responsible third parties in this action under Chapter 33 of the Texas Civil Practice and Remedies Code: Brett Pittsenbargar, Robert Shapiro, Jeri Shapiro, Dane R. Roseman, Ivan Acevedo, RS Protection Trust; Carbondale Glen Lot 18, LLC; Carbondale Glen Owners, LLC; Carbondale Basalt Owners, LLC; Schwartz Media Buying Company, LLC; Woodbridge Realty of Colorado, LLC; Woodbridge Luxury Homes of California, LLC; Riverdale Funding, LLC; and WFS Holding Co., LLC.

SIGNED this 18th day of June, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE